Filed 2/2/22  P. v. Haures CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092429 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE007047) |
| v. | |
| DANIEL HAURES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daniel Haures filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Having reviewed the record as required by *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant led several sheriff's deputies on a high-speed car chase, which included hitting and being hit by patrol cars, eventually crashing his car. He was later found to have a blood-alcohol content of 0.39 percent.

Defendant was charged with evading a peace officer by driving in the opposite direction of traffic (Veh. Code, § 2800.4, count one), evading a peace officer (Veh. Code, § 2800.2, subd. (a), count two), four counts of assault with a deadly weapon on four individual peace officers (Pen. Code, § 245, subd. (c),[1] counts three through six), three counts of resisting or delaying a peace officer (§ 148, subd. (a)(1), counts seven through nine), driving under the influence (DUI) of alcohol (Veh. Code, § 23152, subd. (a), count 10), driving while having a blood-alcohol concentration above 0.08 percent (Veh. Code, § 23152, subd. (b), count 11), and misdemeanor failure to stop after an accident causing damage (Veh. Code, § 20002, subd. (a), count 12).

After a jury trial, the jury found defendant guilty of counts one, two, four, seven, eight, nine, 10, 11, and 12 as charged; guilty to the lesser included offense for count three of assault on a peace officer (§ 241, subd. (c)); not guilty on count five; and the jury was hung on count six, so the trial court declared a mistrial as to this count.

The trial court sentenced defendant to a total term of four years and eight months in prison as follows: eight months (one-third midterm) consecutive for count one; two years (mid-term) for count two, stayed under section 654; four months concurrent for count three; four years (mid-term) for count four, the primary term; six months concurrent for counts seven, eight, and nine; nine month DUI program while in custody for count 10 and count 11 with punishment for count 11 stayed under section 654; and six months concurrent for count 12. The court also imposed a $300 restitution fine

---

[1] Undesignated statutory references are to the Penal Code.

(§ 1202.4), a $300 stayed parole revocation restitution fine (§ 1202.45), ten $30 conviction assessments (Gov. Code, § 70373), and ten $40 court operations assessments (§ 1465.8).) Defendant timely appealed.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
HULL, J.

_____\s\_____,
RENNER, J.

3